IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-154-RJC

| | |
|---|---|
| DAVID ALEXANDER BOWIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ALLEN REED, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on a review of Plaintiff's Complaint, and Plaintiff's motion to amend his complaint and for change of venue.

## I. BACKGROUND

On or about June 6, 2012, Plaintiff filed a complaint in the Eastern District of North Carolina. (Doc. No. 1). According to the nearly 160-page complaint, Plaintiff contends that he received inadequate medical care while incarcerated at Rutherford Correctional Institution ("RCI"), following assaults by fellow inmates. The district court transferred the case to the Western District of North Carolina after noting that the allegations contained in the complaint take place within this district either at RCI or in Caldwell County. See (Doc. No. 4: Order on Transfer of Venue).

According to the website of the North Carolina Department of Public Safety ("NC DPS"), at the time Plaintiff filed his complaint, he was serving an active-term of 3-years and 8 months in the custody of the NC DPS. Plaintiff's projected release date was slated for July 18, 2012, and according to the NC DPS website, Plaintiff was released to post-release supervision in July 2012.

1

On or about June 21, 2012, Plaintiff mailed a motion to amend his complaint to address what the transferring court noted was "not a model of clarity." On the date of his motion, Plaintiff reported that he was housed at the Warren CI in Manson, North Carolina. (Doc. No. 6 at 2). On or about July 17, 2012, Plaintiff filed a motion to change venue to the Middle District of North Carolina. Along with this motion, Plaintiff included a new address, perhaps in anticipation of his imminent release to post-release supervision. (Doc. No. 7 at 4).

In his motion for a change of venue, Plaintiff contends that in the name of "Justice" and all "Fairness" the Court should transfer this case to the Middle District. (Id. at 1-2). Plaintiff suspects "that there [may] very well be a conflictual [sic] interest of (bias, prejudice and favoritism)" because the defendants are citizens of the Western District. Further, Plaintiff alleges he has several medical restrictions which will impair his ability to operate a motor vehicle for extended periods of time. Finally, Plaintiff contends that the multiple medications are necessary to address the alleged actions or omissions of the defendants in this case. In sum, Plaintiff contends that prosecuting this action will present a hardship in the Western District. (Id. at 2).

## II. DISCUSSION

### A. Motion to Amend

Plaintiff's motion to amend his complaint will be allowed. Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure provides that a party may amend its pleading once as a matter of course within 21 days after serving it. The Court notes that service of the complaint has not been ordered in this matter. Plaintiff may submit an amended complaint within 21-days from entry of this Order. The Court has examined the complaint and finds that is largely illegible and a presents serial list of allegations and exhibits. The Court would caution Plaintiff that according to

2

Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Next, it appears that Plaintiff is on post-supervision release and he shall submit a newly completed Application to Proceed Without Prepayment of Fees or Costs. An individual is entitled to proceed without prepaying the $350 filing fee or the costs of service, however, that individual must present sufficient proof of his or her ability to pay. Along with his Application, Plaintiff shall submit a copy of his prisoner trust account, and copies of all pay stubs for the last six months preceding the filing date of this Order. Upon receipt, the Court will evaluate the Application to determine whether Plaintiff qualifies or whether he must pay some or all of the fees

### B. Motion to Change Venue

The Court finds that venue is in fact proper in this district. As Plaintiff notes, the defendants, at the time he filed his complaint, were allegedly employed at various prisons or custodial institutions within the Western District. Moreover, the records compiled by the prisons and various defendants would likely be present in this district, including medical records and other prison records. 28 U.S.C. § 1391 provides, in relevant part:

> (b) Venue in General.— A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

While the Court recognizes that a discretionary change of venue could be ordered "[f]or the convenience of parties and witnesses, [and] in the interest of justice" such elements of a discretionary change in venue are not satisfied in this case. 28 U.S.C. § 1404(a). The Court finds that Plaintiff's motion for change of venue will be denied.

### III. CONCLUSION

1. Plaintiff's Motion to Amend his Complaint is **ALLOWED**. (Doc. No. 6). Plaintiff shall file his amended complaint within twenty-one (21) days from entry of this Order. Plaintiff shall submit the Application to Proceed Without Prepayment of Fees or Costs along with his amended complaint. Failure to do so could result in summary dismissal of this case.

2. Plaintiff's Motion for Change of Venue is **DENIED**. (Doc. No. 7).

The Clerk of Court is respectfully directed to send a copy of this Order to Plaintiff's address at Warren Correctional Institution, Post Office Box 399, Manson, North Carolina 27553, and to the new mailing address provided by Plaintiff in his Motion to Change Venue: 1115 Pecan Place, Durham, North Carolina 27704. (Doc. No. 7 at 4). Further, the Clerk of Court is directed to include a copy of an Application to Proceed Without Prepayment of Fees or Costs along with this Order.

**IT IS SO ORDERED**.

Signed: February 13, 2013

Robert J. Conrad, Jr.
Chief United States District Judge