# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:12-cv-154-RJC

| | |
|---|---|
| DAVID ALEXANDER BOWIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ALLEN REED, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on its own motion.

On or about June 6, 2012, Plaintiff, a prisoner of the State of North Carolina, filed a pro se complaint in the Eastern District of North Carolina alleging claims under 42 U.S.C. § 1983 for, among other things, improper medical care and deliberate indifference. (Doc. No. 1). The district court transferred the case after finding that venue was proper in this district because the allegations appeared to arise within a prison facility in this district. Plaintiff then filed a motion to amend and a motion to transfer the case back to the Eastern District. (Doc. Nos. 6 & 7).

On February 13, 2013, the Court entered an Order allowing Plaintiff's motion to amend his complaint, but denied Plaintiff's motion to transfer venue back to the Eastern District after finding that the transfer appeared proper in light of the fact that the allegations from his complaint appeared to arise within this district. Plaintiff was provided with 21-days from entry of the Order to file his amended complaint and to file an Application to Proceed without Prepayment of Fees or Costs ("Application"). (Doc. No. 8). Plaintiff's amended complaint and the Application were to be filed no later than Friday, March 8, 2013, including three days for mailing. On March 4, 2013, the Court's Order was returned as undeliverable to the two addresses

1

which Plaintiff had provided to this Court. See (Doc. Nos. 8 & 9). More than two (2) weeks have passed and Plaintiff has failed to comply with the Court's February 13th Order and has not provided this Court with an updated address or moved for an extension of time.

Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute. See Claude E. Atkins Enters., Inc. v. United States, 899 F.2d 1180 (Fed. Cir. 1990) (order affirming dismissal of case where party repeatedly ignored court-imposed deadlines and rules); Reider v. Gannon University, 481 F. App'x 707, 708 (3rd Cir. filed May 9, 2012) (unpublished opinion upholding sua sponte dismissal under Rule 41(b) in a pro se action) (citing Link v. Wabash Railraod Co., 370 U.S. 626, 630 (1962) (failure to prosecute case or comply with a court order authorizes dismissal). In the present case, the Court warned Plaintiff through the February 13th Order that failure to submit the amended complaint and Application could result in summary dismissal. See (Doc. No. 8: Order at 4). The Court finds that Plaintiff's failure to comply with the Court's Order supports a summary dismissal of his case.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this case.

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge